[Civ. No. 7314.  First Appellate District, Division Two.—September 17, 1931.]

WILLIAM H. WOODFIELD, Jr., Appellant, v. WELLS FARGO BANK & UNION TRUST CO. (a Corporation), Respondent.

Sullivan, Roche, Johnson & Barry for Appellant.

Heller, Ehrman, White & McAuliffe and James L. Atteridge for Respondent.

SPENCE, J.—Plaintiff sought to recover damages from defendant for the alleged conversion of certain shares of stock.  At the close of plaintiff's case, defendant's motion for nonsuit was granted.  From the judgment thereupon entered in favor of defendant, plaintiff appeals.

This controversy arose out of the alleged wrongful action of defendant as pledge-holder in selling certain stock of plaintiff during the memorable stock market flurry of June 11, 1928.  In March of that year plaintiff arranged to borrow

the sum of $141,750 from L. T. Edwards, giving as security certain stock of the market value of $236,000. A promissory note due one year after date and a collateral agreement were executed by plaintiff in favor of Edwards. After the parties had their documents prepared the defendant bank, which had been named by the parties as pledge-holder in their agreement, was requested to act as such. It accepted the "escrow" and was compensated for its services. The stock was deposited with defendant and the money was paid over by Edwards to plaintiff through the defendant bank. The collateral agreement contained the following provision: "The San Francisco market value of said stock at the date hereof is $236,000. Should said market value, together with the value of any additional stock that may be deposited by Wm. H. Woodfield, Jr., together with any additional stock that may be issued by said corporation aforesaid as a stock dividend on account of said shares of stock aforesaid, decline so that the total aggregate value of all of said stock deposited hereunder is less than $190,000, then said note shall become immediately due and payable thereupon, notwithstanding the due date of said note, in which event, I hereby irrevocably authorize and empower said Wells Fargo Bank & Union Trust Company to sell said stock aforesaid . . . at public or private sale, with or without previous notice to us of such sale . . ." On June 11, 1928, the market value of said stock suddenly declined below the figure named and defendant caused the stock to be sold upon the San Francisco Stock Exchange at the prevailing market prices. It is conceded in plaintiff's amended complaint that the contingency referred to in the collateral agreement had occurred. It is there alleged that "on the 11th day of June, 1928, the San Francisco market value of said 612 shares of the capital stock of said Bancitaly Corporation and said 435 shares of the capital stock of said Bank of America suddenly declined so that the total aggregate market value of all of said shares was at said time less than $190,000".

It is appellant's contention that the trial court erred in granting the motion for nonsuit, but in our opinion this contention cannot be sustained. It is not suggested that there was any negligence or fraud on the part of respondent in selling the stock, but as shown by the amended

complaint appellant's allegation that respondent "converted all of said shares . . . to its own use by selling and disposing of the same" is based solely upon its allegation that the sale was made "without any notice to or demand" upon appellant. Under the agreement under which respondent agreed to act as pledge-holder we are of the opinion that upon the happening of the contingency which had admittedly occurred, respondent was authorized to sell the stock and that no notice to or demand upon appellant was necessary.

Despite the diligence of counsel, our attention has not been called to any authority on all fours with the facts in the present case. Appellant cites section 3001 of the Civil Code providing that "the pledgee must demand performance thereof from the debtor, if the debtor can be found", and relies upon *Wilson* v. *Little,* 2 N. Y. 443 [51 Am. Dec. 307], holding that where no time is expressly fixed for the payment of an obligation the pledgee cannot sell the pledged stock without a previous demand of payment even where the pledgor has expressly waived notice of sale. That case is not in point and it is only necessary to call attention to the fact that there, as in practically all of the authorities cited, the question arose between the pledgor and the pledgee and no special agreement with a pledge-holder was involved. Here by agreement the parties selected respondent as a disinterested pledge-holder to act as the agent of both the pledgor and pledgee. The authority of respondent to sell the stock was thereby conferred upon it. That agreement, without requiring a demand before exercising the authority conferred, provided that in the event of the depreciation of the stock to a value of less than $190,000, "we hereby irrevocably authorize and empower said Wells Fargo Bank & Union Trust Co. to sell said stock aforesaid . . ." Respondent cannot be charged with conversion for selling the stock under the authority expressly delegated to it by appellant.

Appellant raises the further point that the sale was an "attempted public sale" and void because no notice was given to the public. This point does not appear to have been raised in the trial court. In any event, it is without merit for there is nothing in the record to show that a public

sale was attempted. On the contrary, the sale was strictly a private sale made upon the stock exchange. Respondent was authorized by the agreement to sell the stock at "private sale with or without notice . . . ". It is a matter of common knowledge that a sale upon the stock exchange is a private sale being made at a place to which the general public does not have access. This is conceded by appellant where he states "the sales in this instance were made upon the stock exchange to which of course only members have access". Respondent was not required to give notice of such sale to the public.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1931.

Richards, J., and Curtis, J., dissented.